## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **KDBS, LLC,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No. 7:25-cv-1989-ACA** |
| | } | |
| **ACCELERANT SPECIALTY** | } | |
| **INSURANCE COMPANY, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

### MEMORANDUM OPINION

Plaintiff KDBS, LLC holds an insurance policy on its boat with Defendants Accelerant Specialty Insurance Company, Hadron Specialty Insurance Company, Palomar Excess and Surplus Company, Texas Insurance Company, and Lloyd's Syndicates. After lightning struck the boat, KDBS filed a claim with the defendants, but they refused to pay the full costs of the damage. This lawsuit followed. KDBS asserts three claims under New York law against the defendants: breach of contract ("Count One"), breach of the covenant of good faith and fair dealing ("Count Two"), and violations of New York General Business Law § 349 ("Count Three").

The defendants move to dismiss Counts Two and Three under Federal Rule of Civil Procedure 12(b)(6). (Doc. 13). Because Count Two is duplicative of Count One

and Count Three fails to state a claim, the court **WILL GRANT** the defendants'

motion and **WILL DISMISS** Counts Two and Three **WITHOUT PREJUDICE**.

## I.    BACKGROUND

At this stage, the court must accept as true the factual allegations in the

complaint and construe them in the light most favorable to the plaintiff. *Butler v.*

*Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).

KDBS holds an insurance policy that covers "accidental physical loss or

damage to" its insured boat. (Doc. 5 ¶¶ 14, 17, 22). The defendants split the policy's

risk responsibility. (*Id.* ¶¶ 15–16). In May 2025, lightning struck the insured boat,

causing more than $400,000 in damage. (*Id.* ¶¶ 21, 26). KDBS submitted a claim

under the policy, but the defendants refused to pay the full repair amount. (*Id.* ¶¶ 23,

27–32).

During the parties' negotiations, the defendants raised a potential coverage

issue based on a previous underwriting marine survey. (Doc. 5 ¶ 58). The survey,

which the insurance policy requires, occurred in April 2025 and noted two

deficiencies. (*Id.* ¶¶ 46–48). KDBS did not rectify the deficiencies before lightning

struck the boat, but the deficiencies had no relation to the damage caused by the

strike. (*Id.* ¶¶ 51–52). The defendants asked Rock Nichols to sign a Letter of

Compliance verifying that the deficiencies had been rectified, which he signed

despite its inaccuracies. (*Id.* ¶¶ 54–56). The defendants, however, knew that

2

Mr. Nichols was not the primary point of contact for the claim, and they used the Letter of Compliance to question the boat's coverage to settle the claim for less than the repair amount. (Doc. 5 ¶¶ 53, 57–59).

## II.    DISCUSSION

"To survive a motion to dismiss, the plaintiff must plead 'a claim to relief that is plausible on its face.'" *Butler*, 685 F.3d at 1265 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### 1.    Count Two: Breach of the Covenant of Good Faith and Fair Dealing

Defendants argue that Count Two fails to state a claim under New York law because it alleges the same conduct and seeks the same damages as Count One. (Doc. 13 at 2–4). Because the court agrees that KDBS seeks the same damages under both counts, the court does not address whether the counts rely on the same conduct.

Under New York law, each contract has a covenant of good faith and fair dealing. *New York Univ. v. Cont'l Ins. Co.*, 662 N.E.2d 763, 769 (N.Y. 1995). A breach of that duty is a breach of the underlying contract; thus, there is no separate cause of action. *Id.* at 769–70; *see also Harris v. Provident Life & Acc. Ins. Co.*, 310 F.3d 73, 80 (2d Cir. 2002). So "[a] claim for violation of the covenant survives a

motion to dismiss only if it is based on allegations different from those underlying the breach of contract claim, and the relief sought is not intrinsically tied to the damages that flow from the breach of contract." *JN Contemp. Art LLC v. Phillips Auctioneers LLC*, 29 F.4th 118, 128 (2d Cir. 2022); *see also Deer Park Enters., LLC v. Ail Sys., Inc.*, 870 N.Y.S.2d 89, 90 (N.Y. App. Div. 2008).

Count Two fails because its requested relief is "intrinsically tied to the damages that flow from the breach of contract" alleged in Count One. *JN Contemp. Art LLC*, 29 F.4th at 128. Count One alleges that the defendants breached the terms of the contract by refusing to pay for damage repairs (doc. 5 at 6–8), and Count Two alleges that the defendants acted in bad faith when refusing to pay (*id.* at 9–13). Both counts seek compensation for the amount owed to KDBS under the policy based on the defendants' shorting. (*Compare* doc. 5 ¶¶ 35–36, *with id.* ¶¶ 45, 61). Thus, Count Two is duplicative of Count One. *See Deer Park Enters., LLC*, 870 N.Y.S.2d at 90.

KDBS argues that Count Two is distinct because it also seeks consequential damages. (Doc. 16 at 15, 17–18; *see* doc. 5 ¶¶ 40, 61). Even assuming KDBS's request for consequential damages is sufficient to distinguish Counts One and Two, KDBS failed to sufficiently plead it is entitled to any consequential damages. To recover consequential damages, KDBS must allege "such unusual or extraordinary damages . . . within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting." *Bi-Econ. Mkt., Inc. v. Harleysville Ins. Co.*,

886 N.E.2d 127, 130 (N.Y. 2008) (quotation marks omitted). KDBS does not allege any "unusual or extraordinary damages" that were "reasonably contemplated by the parties": the only recovery sought in Count Two is damages for Defendants' failure to pay KDBS's claim." *See id.*; (doc. 5 ¶¶ 45–61). Accordingly, the court **WILL GRANT** the defendants' motion with respect to Count Two.

    2.  Count Three: Deceptive Business Practices

Count Three alleges that the defendants violated New York General Business Law § 349 by engaging in a "practice" of unfair settlement tactics. (Doc. 5 ¶¶ 63–77). The defendants argue that KDBS has not sufficiently alleged any of the elements of a deceptive business practice claim. (Doc. 13 at 4–5). Because the court agrees that KDBS did not allege any consumer-orientated conduct, the court does not address the defendants' other arguments.

To state a claim under New York General Business Law § 349, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct, that is (2) materially misleading, and that (3) the plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Plavin v. Grp. Health Inc.*, 146 N.E.3d 1164, 1168 (N.Y. 2020). To show consumer-oriented conduct, KDBS must "demonstrate that the acts or practices have a broader impact on consumers at large." *Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*, 647 N.E.2d 741, 744 (N.Y. 1995). In the insurance contract context, a plaintiff can establish a broader

5

impact on consumers at large if the defendant provided a standard form contract, *New York Univ.*, 662 N.E.2d at 770, or if the allegedly deceptive practice involved marketing schemes, *Gaidon v. Guardian Life Ins. Co.*, 725 N.E.2d 598, 603–05 (N.Y. 1999). But if an insurance contract dispute is a "private contract dispute over policy coverage and the processing of a claim which is unique to the[] parties," it does not impact consumers at large. *New York Univ.*, 662 N.E.2d at 771 (quotation marks omitted).

Here, KDBS has not sufficiently alleged consumer-oriented conduct. Although KDBS alleges that the defendants have a "history" of improper claim denials, its allegations relate only to conduct in this case. (*See* doc. 5 ¶¶ 62, 68); *see also Oswego Laborers' Loc. 214 Pension Fund*, 647 N.E.2d at 744. And the allegations regarding purporting to show a "policy and practice" are legal conclusions, which the court cannot consider. (*See* doc. 5 ¶¶ 63, 70–71, 73–74); *Iqbal*, 556 U.S. at 678. In one paragraph, KDBS alleges that the defendants' conduct impacts "all of its policyholders." (Doc. 5 ¶ 66). But this cursory paragraph does not include facts that plausibly allege that "groups of similarly-situated consumers [were] subjected to the competitive tactics of a relatively more powerful business [which is the conduct] that [§ 349] claims were intended to address." *Plavin*, 146 N.E.3d at 1170; *cf. Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co., Inc.*, 171 N.E.3d 1192, 1198 (N.Y. 2021) (holding a plaintiff

adequately alleged consumer-oriented conduct when the defendant sold to a "robust consumer base" and used a "form contract"). Instead, this is a singular contract dispute between two sophisticated parties. *See New York Univ.*, 662 N.E.2d at 771. Because KDBS did not allege consumer-oriented conduct, Count Three fails to state a claim. So the court **WILL GRANT** the defendants' motion to dismiss.

## III.   CONCLUSION

For the reasons above, the court **WILL GRANT** the defendants' motion and **WILL DISMISS** Counts Two and Three **WITHOUT PREJUDICE**. (Doc. 13).

**DONE** and **ORDERED** this April 17, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE